IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:16CR286 |
| vs. | |
| LAWRENCE JAMES HAWKGHOST, | ORDER |
| Defendant. | |

      Defendant Lawrence Hawkghost ("Defendant") is charged in a four-count indictment, with each count alleging that Defendant had sexual contact with a minor. Count I of the superseding indictment alleges that the incident charged occurred in or about January 2014. Counts II through IV of the superseding indictment allege the incidents charged occurred in or about 2014.

      Defendant filed a Motion for Bill of Particulars (Filing No. 36) on February 9, 2017. Defendant contends that a bill of particulars is necessary because the information does not provide any specificity as to what actually occurred on which date. Defendant complains that the indictment does not provide sufficient information for him to prepare a defense or minimize surprise at trial. Defendant requests that the Court order the government to provide the precise date of each, individually alleged instance of sexual contact with a minor with respect to all counts in the indictment. The government filed its Response to Defendant's Motion for Bill of Particulars (Filing No. 41) on February 13, 2017. A hearing on the motion was held before the undersigned magistrate on February 15, 2017.

### DISCUSSION

      "'As general rule, due process requires that the indictment give a defendant notice of each element of the charge against him so that he can prepare an adequate defense.'" *United States v. Mann,* 701 F.3d 274, 287-88 (8th Cir. 2012) (quoting *United States v. Becton,* 751 F.2d 250 (8th Cir. 1984)). "'An indictment adequately states an offense if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a

subsequent prosecution.'" *Mann,* 701 F.3d at 288 (quoting *United States v. Sewell,* 513 F.3d 820 (8th Cir. 2008)). "'An indictment will ordinarily be held sufficient unless it is so defective that it cannot be said, by any reasonable construction, to charge the offense for which the defendant was convicted.'" *Id.* "Where the plain language of an indictment fails to alert a defendant of the precise nature of the government's allegations, a bill of particulars can cure deficiencies in the indictment's form." *Id.* (internal quotation omitted). "While prosecutors should be as specific as possible in delineating the dates and times of abuse offenses, fairly large time windows in the context of child abuse prosecutions are not in conflict with constitutional notice requirements because of the inherent difficulties in investigating and prosecuting child abuse." *United States v. Beasley,* 688 F.3d 523, 533 (8th Cir. 2012) (internal quotations omitted).

"As a general rule, the accused is not entitled to a bill of particulars which provides the exact date of the commission of the alleged crimes where time is not an essential element of the crime." *United States v. Agard,* 531 F. Supp.2d 1072 (D. N.D. 2008) (citing *United States v. Nunez,* 668 F.2d 10 (1st Cir. 1981); *United States v. Austin,* 448 F.2d 399 (9th Cir. 1971)). The Eighth Circuit Court of Appeals has determined that the date of an offense is not a material element of aggravated sexual assault. *See United State v. Youngman,* 481 F.3d 1015 (8th Cir. 2007). In *Youngman*, the defendant was charged with aggravated sexual abuse. The dates contained within the indictment were "on or about between January 1, 2001, and May 31, 2003" and "on or about between January 1, 2001 and January 31, 2003." *Id.* at 1019. The district court instructed the jury that "proof need not establish with certainty the exact date of the alleged offense. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offense was committed on a date reasonably near the alleged date." *Id.* On appeal, Youngman argued that it was all but impossible for him to provide a defense if exact dates of offenses were not proven. The Eighth Circuit found that use of "on or about" in the indictment relieved the government of "'proving that the crime charged occurred on a specific date, so long as it occurred within a reasonable time of the date specified.'" *Id.* (quoting *United States v. Duke*, 940 F.2d 1113 (8th Cir. 1991)). *See also Agard,* 531 F. Supp.2d at 1074-75 (finding that time is not a material element of the offense of sexual abuse of a minor).

In the case at hand, the government indicated that it has provided Rule 16 discovery to Defendant which addresses the issues set forth in Defendant's Motion for a Bill of Particulars. The discovery, which includes the victim's videotaped interview, indicates that the incidents alleged in

2

the indictment occurred when the victim was in the 6th grade, during the school year.  Defendant does not deny that this information was provided to him.

The Eighth Circuit has concluded that ranges of time much longer than those involved in this case were sufficient to provide defendants with notice of the charges against them.  For instance, in *Beasley*, counts I through VIII of an indictment charged the defendant with conduct to have allegedly occurred between March 1, 2006 and January 5, 2009.  Count IX of the indictment charged the defendant with conduct alleged to have occurred between April 11, 2002 and January 5, 2009.  *Beasley,* 688 F.3d at 532.  The Eighth Circuit found that the defendant was not subject to unfair surprise at trial, nor was he prejudiced in his ability to put on an alibi defense. *Id*.  Similarly, in *Youngman*, the indictment alleged periods of 2 years and 4 months, and 2 years and 1 month.  *Youngman*, 481 F.3d at 1019.

Having reviewed the matter and considered the evidence presented, the Court concludes that a bill of particulars is not necessary.  The superseding indictment fairly informs Defendant of the charges against him, and alleges sufficient information to enable him to prepare a defense and avoid unfair surprise.  Therefore, Defendant's Motion for a Bill of Particulars will be denied.

**IT IS ORDERED** that Defendant's Motion for a Bill of Particulars (Filing No. 36) is denied.

Dated this 1st day of March, 2017.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge